UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINA KUZNETSOVA, | |
| Plaintiff, | |
| -against- | 20-CV-9241 (LLS) |
| MICHAEL MEDINA, | ORDER TO AMEND |
| Defendant. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff, Nina Kuznetsova, appearing *pro se*, brings this action under 42 U.S.C. 1983, alleging that Defendant, New York City Detective Michael Medina, violated her constitutional rights.[1] By order dated November 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed this complaint in the United States District Court for the Eastern District of New York, and that court transferred the matter here. *See Kuznetsova v. Medina*, No. 20-CV-3775 (E.D.N.Y. Nov. 3, 2020). Plaintiff filed another case in the Eastern District that was also transferred to this District and opened under docket number 20-CV-9239. *See Kuznetsova v. Andryushchenko*, No. 20-CV-3774 (E.D.N.Y. Nov. 3, 2020). The cases bear some relationship to each other.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Nina Kuznetsova, a Brooklyn resident, filed this complaint against Michael Medina, a detective with the New York City Police Department.[2] On August 17, 2017, Medina

---

[2] Plaintiff provides an address for Medina at 19 Elizabeth Street in Manhattan, the location of the 5th Precinct.

arrested Plaintiff at the 5th Precinct in "respon[se] to Adam Hicks's claim that Plaintiff stole money." (ECF 1 at 6.) According to Plaintiff, Medina: (1) "made fun" of Plaintiff "for having a legal action taken for hostile work environment against" Hicks; (2) "prohibited" Plaintiff "from complain[ing] to the nurse regarding any medical issues, and threatened" to put Plaintiff "in a psych ward if she would communicate any medical issues;" (3) "lied" to Plaintiff's friend, Liz Jelle, that it was not Plaintiff's "first arrest" and that no bail would be set, and discouraged Jelle from attending Plaintiff's bail hearing, which resulted in Plaintiff "losing a point on her 'bail sheet' and making Plaintiff less likely released [sic] more likely transferred to Rikers Island"; and (4) threatened to rearrest Plaintiff in May 2018, "but had no legal grounds to do so." (*Id.* at 6-7.) Plaintiff asserts that Medina was "found guilty" after an Internal Affairs investigation into her allegations. (*Id.* at 7.)

As a result of these events involving Medina, Plaintiff dropped out of Harvard University, went into debt, became suicidal, did not leave the country for months for fear that Medina would arrest her at the airport, and feared for her life. Plaintiff seeks $2 million in damages. (*Id.* at 8.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff asserts claims against Police Officer Medina, who is a state actor for purposes of § 1983 liability. But Plaintiff provides only sparse details about what exactly occurred, and the facts she does provide do not give rise to an inference that Medina violated her constitutional rights. According to Plaintiff, Medina mocked her, threatened to rearrest her and to have her committed to a "psych ward," and lied to her friend about Plaintiff's criminal history, which had

some bearing on Plaintiff's bail status. While these allegations suggest troubling behavior, they do not suggest that Medina violated Plaintiff's constitutional rights. Plaintiff further asserts that Medina also "prohibited" her from discussing "medical issues" with a nurse, but Plaintiff does not provide any context for this allegation. Finally, Plaintiff asserts that Medina was "found guilty" after an Internal Affairs investigation into her allegations, but it is not clear what he was "found guilty" of or whether those charges suggest that Medina violated Plaintiff's constitutional rights. In short, the facts asserted do not give rise to any viable claims under § 1983.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9241 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    November 30, 2020
          New York, New York

                                          _Louis L. Stanton_
                                          Louis L. Stanton
                                          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
　　　　　　　　　(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

First Name                    Middle Initial        Last Name

Street Address

County, City                          State               Zip Code

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.